## WILLIAM E. SCANLON v. CONTINENTAL INSURANCE COMPANY OF NEW YORK.[1]

### May 17, 1907.

### Nos. 15,105—(80).

Action in the district court for Anoka county to recover $1,500 upon an alleged contract of insurance. The case was tried before Giddings, J., who, at the conclusion of plaintiff's testimony (defendant being allowed to rest for the purpose of making a motion for a directed verdict), directed the jury to return a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Ripley & Lum* and *Van Derlip & Lum,* for appellant.
*M. H. Boutelle* and *N. H. Chase,* for respondent.

PER CURIAM.

This is an action upon an alleged oral contract of insurance.

At the close of the plaintiff's testimony the court directed a verdict for defendant, on the ground that there was no evidence which proved that any contract of insurance had been entered into. Plaintiff appealed from an order denying a new trial. This presents the sole question in the case.

The plaintiff had taken out a policy of $1,500 upon his household goods, which were then situated in what is referred to as the "Page House" in the city of Anoka. Thereafter, and before the expiration of the policy, the plaintiff removed to Florida and stored the goods. In a conversation with the agent of the insurance company, plaintiff's wife informed him that the goods had been packed and stored, and the policy was thereupon by mutual consent of the parties canceled, and the unearned premium returned. In response to a request for a new policy, the agent informed her that he had no authority to write insurance upon property thus situated. Mrs. Scanlon testified as follows:

> Q. Was there anything else said at that time? A. Well, he didn't seem to know whether his company would accept the risk or not. He said he did not know whether his company would accept the risk on goods in the condition they were in; that he did not know what the rate would be on packed goods, but he would look it up, and find out, and let me know. If the company did not accept the risk, I was to know.

On cross-examination, witness was asked to tell fully what was said, and answered:

> When he told me that he did not know whether his company would accept the risk or not, and that he did not know what the rate would be,

[1] Reported in 111 N. W. 1134.

of course, I thought he was to look it up, and let me know whether or not his company would accept the risk.

This conversation occurred on the 4th or 5th of May. Nothing further occurred between the parties, and the property was destroyed by fire on June 4, 1905. On June 27, 1905, the appellant tendered as premium the sum of $25.50, which was refused. The amount of premium had never been agreed upon.

The most that this evidence tends to show is that the owners of the goods may have understood that they were insured. It certainly does not show that the insurance company ever agreed to insure the property. The verdict was properly directed by the trial court, and the order denying the motion for a new trial is therefore affirmed.